IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY NOVEL,<br>Individually and on behalf of a class,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JADE, LLC, SPRING GROUP, INC.<br>d/b/a SPRING RESTAURANT and/or<br>d/b/a SPRING,<br><br>　　　　Defendants. | Case No. 07 C 6309<br><br>Judge Moran<br><br>Magistrate Judge Schenkier |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Jade, LLC, and Spring Group, Inc. d/b/a Spring Restaurant and/or d/b/a Spring (hereinafter "Jade"), through the undersigned attorneys, Hall Prangle and Schoonveld, LLC, move this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") to dismiss Plaintiff's Second Amended Complaint (hereinafter "Complaint") and in support thereof states:

1. Plaintiff filed a Class Action Complaint individually and on behalf of a class under the Fair Credit Reporting Act ("FCRA"), as amended by the Fair and Accurate Credit Transactions Act ("FACTA").

2. Plaintiff alleged only that he received from Jade a computer-generated receipt, which displayed Plaintiff's own card expiration date. Plaintiff did not allege that he or his purported class suffered any actual harm. Without actual harm, no damages are available for negligent violations under FCRA. Plaintiff can recover only by pleading and establishing "willful" violations of Section 1681c(g), which allow for statutory and

punitive damages. Plaintiff's Complaint includes conclusory and speculative allegations in support of his claim for a willful violation of Section 1681c(g).

3. In the last year, the Supreme Court decided two cases which support the dismissal of Plaintiff's Complaint. *See Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (May 21, 2007) and *Safeco Ins. Co. of America v. Burr,* 127 S.Ct. 2201 (June 4, 2007).

4. In *Bell Atlantic*, the Supreme Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S.Ct. at 1974.

5. Plaintiff's Complaint should be dismissed because: 1) it does not allege sufficient facts under *Bell Atlantic* to state a plausible, instead of merely possible, entitlement to relief for a willful violation of FACTA; and 2) the requirements in Section 1681c(g) of FACTA are sufficiently vague and ambiguous to make Jade's alleged reading of the statute reasonable, thereby negating the possibility of a willful violation pursuant to the Supreme Court's holding in *Safeco,* 127 S.Ct. at 2215.

6. The grounds for Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint are set forth in greater detail in the accompanying Memorandum of Law, which is incorporated by reference as if fully set forth herein.

WHEREFORE, Defendants Jade, LLC, and Spring Group, Inc. d/b/a Spring Restaurant and/or d/b/a Spring respectfully request that this Court dismiss with prejudice Plaintiff's Second Amended Complaint and for such additional relief that this Court deems just and proper.

Dated:  April 4, 2008                    Respectfully submitted,

                                                  **Jade, LLC, and Spring Group, Inc. d/b/a Spring Restaurant and/or d/b/a Spring**


                                                  s/Gerald W. Huston
                                                  By:  Gerald W. Huston, one of its attorneys

Eric P. Schoonveld
Gerald W. Huston
HALL PRANGLE & SCHOONVELD, LLC
200 S. Wacker Drive, Suite 3300
Chicago, IL 60606
(312) 345-9600

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT D. LATTAS, Individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 07 C 6309 |
| SPRING RESTAURANT GROUP, d/b/a SPRING RESTAURANT and/or d/b/a SPRING; SHAWN MCCLAIN; PETER DROHOMYRECKY; and SUE KIM-DROHOMYRECKY, | ) ) ) ) ) ) ) | Judge Moran<br><br>Magistrate Judge Schenkier |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

To:   Anthony G. Barone / David M. Jenkins, Barone & Jenkins, P.C.
      635 Butterfield Road, Suite 145, Oakbrook Terrace, IL 60181

      Marvin L. Frank / Lawrence D. McCabe, Murray, Frank & Sailer, LLP
      275 Madison Avenue, Suite 801, New York, NY 10016


I, Gerald W. Huston, certify that the foregoing **Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint** were filed electronically with the Clerk of the Court on April 4, 2008, and that notification and service of such filing to all counsel of record will be accomplished pursuant to the CM/ECF system.

s/ Gerald W. Huston


HALL PRANGLE & SCHOONVELD
200 S. Wacker Drive, Suite 3300
Chicago, IL 60606
(312) 345-9600