IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GARY NOVEL, | ) | |
| Individually and on behalf of a class, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07 C 6309 |
| | ) | Judge Moran |
| v. | ) | Magistrate Judge Schenkier |
| | ) | |
| JADE, LLC, and SPRING GROUP, | ) | |
| INC., d/b/a SPRING RESTAURANT | ) | |
| and/or d/b/a SPRING, | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

Plaintiff Gary Novel,[1] by and through his attorneys, hereby submits his memorandum of law in opposition to the motion of Defendants Jade, LLC, and Spring Group, Inc. d/b/a Spring Restaurant and/or d/b/a Spring ("Jade") to dismiss Plaintiff's Class Action Complaint, stating as follows:

PRELEIMINARY STATEMENT

In order to protect credit and debit cardholders like Plaintiff from identity theft, Congress, in 2003, enacted the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"). The key provision of FACTA states that:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the

---

[1] This action was originally brought in the name of Robert Lattas as Plaintiff, but Gary Novel substituted as Plaintiff by virtue of the Second Amended Complaint.

> expiration date upon any receipt provided to the cardholder at the point of
> sale or transaction.

15 U.S.C. §1681c(g).  Congress gave vendors more than three years to comply with
FACTA, as it did not become effective until December 4, 2006.  In addition to this
lengthy compliance period of time, the credit card issuers, vendors of cash registers, and
vendors of credit card swipe machines made well-publicized statements of the necessity
for merchants to comply with FACTA, and indeed had contractual requirements that
necessitated merchants such as Jade to be compliant with FACTA by December 4, 2006.

Despite these efforts, on October 25, 2007, in clear violation of the plain language
of FACTA, Jade issued Plaintiff a computer-generated cash register receipt displaying
Plaintiff's MasterCard card expiration date.  Based on the foregoing violations of
FACTA, Plaintiff brought this action on behalf of all credit and debit cardholders to
whom Jade provided an electronically printed receipt after December 4, 2006, which
receipt displays either: (a) more than the last five digits of the person's credit card or debit
card number; and/or (b) the expiration date of the person's credit or debit card.

Jade now moves to dismiss the action using a kitchen sink approach, arguing that:
(i) Plaintiff has failed to plead a "willful violation" of the statute; and (ii) FACTA is
vague and ambiguous, negating any possible willful violation.  This Court, as well as
others within this district and districts across the country, has rejected each and every one
of Jade's arguments. *See Follman v. Hospitality Plus of Carpentersville, Inc.*, 532 F.
Supp. 2d 960 (N.D. Ill. 2007) (Moran, J.). It is of no surprise that Jade cites to no cases
directly addressing FACTA claims in connection with its arguments.  Jade's motion is
wholly without support in the law or the facts and should be denied.

## STATEMENT OF FACTS

In 2003 Congress passed FACTA, making illegal for all businesses that accept debit and credit cards to:

> print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

¶ 2.[2]  Congress gave merchants who accept credit cards and/or debit cards over three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.  ¶ 9.

Shortly after the Congress passed FACTA, Visa, MasterCard, the PCI Security Standards Council (a consortium founded by Visa, MasterCard, Discover, American Express and JCB), and the companies that sell cash registers and other devices for the processing of credit or debit card payments, informed Jade about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and the prohibition on the printing of expiration dates.  ¶ 36.  Moreover, each of these entities informed Jade of its need to comply with FACTA. *Id.*

Moreover, on March 6, 2003, the CEO of Visa USA, Carl Pascarella, stated:

> Today, I am proud to announce an additional measure to combat identity theft and protect consumers. <u>Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts.  The card's expiration date will be eliminated from receipts altogether</u> . . . . The first phase of this new policy goes into effect July 1, 2003 for all new terminals.

¶ 38 (quoting a March 6, 2003 PR NEWSWIRE press release entitled "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa

---

[2]  References to the Second Amended Complaint are denoted as ¶ __.

CEO Announces New Initiative at Press Conference With Sen. Dianne Feinstein")
(emphasis added).

Within 24 hours of Visa's March 2003 announcement, MasterCard and American
Express announced they were imposing similar requirements. ¶ 39. Furthermore, Visa,
American Express, and MasterCard continued to press merchants and businesses that
accepted their cards to comply with FACTA after March 2003. For example, the August
12, 2006 edition of "Rules for Visa Merchants" (p.62), which is distributed to and
binding upon all merchants that accept Visa cards, expressly requires that "only the last
four digits of an account number should be printed on the customer's copy of the
receipt." ¶ 40. Moreover the Rules expressly state "the expiration date should not appear
at all." *Id.* The Rules also included a picture of a compliant receipt showing precisely
what had to be removed. Under the Rule, VISA required complete compliance with
FACTA by July 1, 2006, five months ahead of the statutory deadline. *Id.* American
Express's manual contains a similar depiction of what information must be suppressed on
receipts. ¶ 41.

On October 25, 2007, and in clear violation of the plain language of FACTA,
Jade issued Plaintiff a computer-generated cash register receipts displaying Plaintiff's
MasterCard card expiration date, despite being fully aware, willful, or reckless in not
complying with FACTA's full truncation requirements and the prohibition on publishing
the expiration date on a customers credit or debit card receipt.

# ARGUMENT

## I.    STANDARDS

In ruling on a motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F. 2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992).

A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "'if they do not, the plaintiff pleads itself out of court.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)). Under the notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action.'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint). The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (stating that "[p]laintiffs need not plead facts or legal theories; it

is enough to set out a claim for relief").

## II.    PLAINTIFF HAS ADEQUATELY PLEAD THAT DEFENDANT ACTED WILLFULLY

FACTA provides a private right of action for willful noncompliance. 15 U.S.C. §

1681n. In order to be willful for purposes of 15 U.S.C. § 1681n, a defendant's violation

of FACTA must have been either knowing or reckless. *Follman v. Hospitality Plus of*

*Carpentersville, Inc.,* 532 F. Supp. 2d 960, 962-63 (N.D. Ill. 2007) (citing *Safeco Ins. Co.*

*of Am. v. Burr*, 127 S. Ct. 2201, 2208-10 (2007)); *see also Iosello v. Leiblys, Inc.*, 502 F.

Supp. 2d 782, 784 (N.D. Ill. 2007). Liability under Section 1681n(a) for "willfully

fail[ing] to comply" with FCRA covers both knowing and reckless violations of the

statute and that "a company subject to the FCRA does not act in reckless disregard of it

unless the action is not only a violation under a reasonable reading of the statute's terms,

but shows that the company ran a risk of violating the law substantially greater than the

risk associated with a reading that was merely careless." *Safeco*, 127 S. Ct. at 2208.

Here, Plaintiff has alleged that Jade has "willfully violated [FACTA] because [its]

conduct was either willful, knowing, or reckless, and [Jade] failed to protect Plaintiff and

others similar situated against identity theft and credit card and debit card fraud" ¶ 10;

*see also* ¶ 44. Plaintiff further has laid out in simple terms his basis for Jade's willful

violation of FACTA:

- Congress provided merchants such as Jade over three years to comply with FACTA, yet as late as  October 25, 2007, Jade continued to issue credit card receipts with at least the expiration date;

- All the major card issuers contractually required merchants, including Jade, that accepted their cards to comply with FACTA's terms as early as March 2003;

- All the major credit card issuers provided merchants, including Jade, with clear instructions regarding the limiting of card numbers to last four digits and excluding the expiration date on receipts, and provided clear exemplars for Jade and other merchants to follow;

- The major vendors of credit card swipe machines and cash registers frequently informed vendors of their obligations under FACTA and similarly provided examples of the proper FACTA compliant receipts; and

- Many of Jade's competitors have complied with all of FACTA's truncation requirements.

¶¶ 8, 9, 34-40.

Jade attacks these allegations on the grounds that the complaint pleads Jade's alleged knowledge of FACTA based "on information and belief" and that is somehow suspect under the Supreme Court's holding in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). First, *Bell Atlantic* does not hold that a complaint pled "on information and belief" is *per se* speculative, but rather requires the district courts to review the facts alleged. *Id.* Moreover, as this Court and others in this district and other districts have found, the facts alleged by Plaintiff here are sufficient to allege a willful violation of FACTA. *Follman,* 532 F. Supp. 2d at 962-63. Where, as here, the pleadings concern matters peculiarly within the knowledge of the defendants, such as whether the defendant had particular knowledge, "conclusory pleading on 'information and belief' should be liberally viewed." *Wooley v. Jackson Hewitt, Inc.,* No. 07 C 2201, 2208 WL 836010, at *14 n.5 (N.D. Ill. March 28, 2008) (citing *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005)).

The Court's decision in *Follman* is particularly instructive regarding the necessary pleadings for a FACTA claim and establishes the sufficiency of the present complaint. In

*Follman*, the plaintiff alleged that he had received a receipt which displayed his credit card's expiration date after the effective date of FACTA. 532 F. Supp. 2d at 962. Moreover, the plaintiff alleged that the defendant knew of the FACTA requirements because "VISA, MasterCard, and the PCI Security Standards Council informed defendant about FACTA." *Id.* at 963. The plaintiff also alleged that the credit card issuing organizations required compliance by merchants prior to FACTA's effective date. Finally, the plaintiff alleged that most of the defendant's "business peers and competitors" programmed their card machines and devices to comply with FACTA. *Id.* at 963. Based on these allegations, and in light of *Bell Atlantic*, the court found that "these allegations 'plausibly suggest' that defendant willfully violated the statute." *Id.*; *see also Iosello*, 502 F. Supp. 2d at 784-85 (finding same allegations sufficient). The court further observed that, allegations of knowledge and other conditions of a person's mind may be alleged generally. *Follman*, 532 F. Supp. 2d at 963 n.1.

Other courts, both before and after the decision in *Bell Atlantic*, have held that allegations nearly identical to those in the Complaint are sufficient to support an inference of willfulness at this stage of the proceedings. *See Miller v. Sunoco, Inc.*, Civil Action No. 07-1456, 2008 WL 623806, at *2 (E.D. Pa. March 4, 2008) (sufficient allegations of willfulness where defendants "'continue[d] to deliberately, willfully, intentionally, recklessly and negligently violate FACTA by issuing receipts which do not comply with the FCRA,' although many credit card companies, including Visa and MasterCard, advised companies of the need for compliance with the truncation requirement."); *Gamaly v. Tumi, Inc.*, No. C-07-04758 JF, 2008 WL 512718, at *2-3

8

(N.D. Cal. Feb. 25, 2008) (similar fact allegation sufficient to plead willfulness); *Follman v. Village Squire, Inc.*, No. 07 C 3767, 2007 WL 4522614, at *3 (N.D. Ill. Dec. 18, 2007) (Kendall, J.) (plaintiff's allegations of willfulness under FACTA sufficient under *Bell Atalantic* where his amended complaint alleged nearly identical facts to those alleged here); *Iosello*, 502 F. Supp. 2d at 784-85 (plaintiff's allegations of willfulness under FACTA sufficient under *Bell Atlantic* where his amended complaint alleged nearly identical facts to those alleged here); *see also Lopez v. Gymboree Corp.*, No. 07-739 SI., 2007 WL 1690886, at *2 (N.D. Cal. June 8, 2007); *Ernheart v. Lifetime Brands, Inc.*, 498 F. Supp. 2d 753, 756 (E.D. Pa. 2007); *Ramirez v. MGM Mirage, Inc.*, 524 F. Supp. 2d 1226, 1232-33 (D. Nev.2007).

Jade boldly states that it could not foresee a risk of harm to consumers because there is no risk of harm from its issuance of a credit card receipt with the expiration date. Def. Mem. at 8. First, the risk of harm identified in *Safeco* focused on whether the company properly read the statute, not on the harm to the public. *Safeco*, 127 S. Ct. at 2208. Second, as the court found in *Cicilline v. Jewel Food Stores, Inc.,* No. 07-CV-2333, 2008 WL 895677, at *4 (N.D. Ill. Mar. 31, 2008) (Dow, J.), the inclusion of a credit card's expiration date on receipts does expose consumers to a harm. *Id.* In *Cicilline*, defendant's expert initially averred that the appearance of an expiration date posed no harm. This expert was forced to change his position during his deposition. He agreed that a dumpster diver, who obtained both a receipt with the expiration date and a copy of a cardholder's monthly credit card statement had a much greater opportunity to

commit identity theft than if the thief had only obtained the monthly statement. *Id.*[3]; *see also Iosello*, 502 F.Supp.2d at 786 ("The existence of a law prohibiting the printing of more than the last five digits of the credit card number makes it difficult for a thief to obtain the victim's credit card number. The existence of a law prohibiting the printing of the expiration date of a credit card makes it even more difficult to commit identity theft.").

For all of these reasons, Jade's arguments are without merit. Plaintiff's complaint adequately alleges Jade's willful violation of FACTA, and its motion to dismiss should be denied.

### III.    FACTA'S REQUIREMENTS ARE UNAMBIGUOUS

The language of FACTA is unambiguous:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. §1681c(g).

Jade argues that Congress' use of "or" in the statute renders it susceptible to three different interpretations, including a reading of the statute that would allow for the printing of expirations dates, thus precluding a finding of willfulness. Def. Mem. at 8-10. Once again, Jade is on the wrong side of the overwhelming weight of authority. Each and every decision concerning FACTA, including this Court's *Follman* decision, has found the statutory language to be unambiguous. *See Follman*, 532 F. Supp. 2d at 963-

---

[3] Monthly statements do not contain the expiration date for the credit card, however the expiration date is required for purchases. *Id.*

64; *see also MGM Grand*, 524 F. Supp. 2d at 1234-35 (holding that FACTA is not vague or ambiguous such that the defendant's conduct would not be willful); *Iosello*, 502 F. Supp. 2d at 785-86; *Village Squire*, 2007 WL 4522614, at *3; *Arcilla v. Adidas Promotional Retail Operations, Inc.*, 488 F. Supp. 2d 965 (C.D.Cal. 2007); *Aeschbacher v. California Pizza Kitchen, Inc.*, No. CV 07-215, 2007 WL 1500853, at *3 (C.D. Cal. Apr. 3, 2007); *Pirian v. In-N-Out Burgers*, No. SA CV 06-1251, 2007 WL 1040864, at *3 (C.D.Cal. Apr. 5, 2007); *Lopez*, 2007 WL 1690886, at *3; *Korman v. The Walking Co.*, 503 F. Supp. 2d 755, 760 (E.D. Pa. 2007) ("The disjunctive 'or' means 'or,' not 'and.' A business cannot print 6+ digits or the expiration date. In other words, printing 6+ digits violates FACTA. Also, printing the expiration date violates FACTA.") (emphasis added).

In *Follman,* the defendant raised the very same vagueness arguments before the court here and offered the same alternative readings of the statute that Jade does. *Id.* at 964. Both Jade and the *Follman* defendant argued that the no expiration date language could be: (i) a complete prohibition on the expiration date; but it could also mean (ii) that the merchant was required to shorten the date to less than six numbers; or (iii) that it could mean that the merchant could print either more than the last six numbers of the cardholders card number or the expiration date, but not both. *Id.* at 964; Def. Mem. at 9.

Despite the defendant's arguments and alternative readings of the statute, this court found that none of these alternative readings is plausible. *Id.* The court held:

> We find that no reasonable person could interpret the statute the way defendant presents. The plain meaning of the statute is that no merchant may print more than the last five digits of the card number, nor may they print the expiration date of the card on the receipt.

*Follman*, 532 F. Supp. 2d at 964 (emphasis added).  Moreover, the court rejected the defendant's alternate readings of the statute as without merit because shortening the expiration date to less than 5 digits was impractical, and because allowing the "either" printing of more than the last 5 numbers or the expiration date, but not both, rendered the statute meaningless. *Id.* The *Iosello* court has similarly concluded:

> Congress enacted FACTA with the intent of helping to prevent the possibility of thieves stealing the identity of another by obtaining one's credit card number and the expiration date of that credit card.  Businesses generally require one's credit card number and the expiration date of that credit card to transact business. <u>Access to both the credit card number and the expiration date of that credit card makes it easier for a thief to commit identity theft</u>. The existence of a law prohibiting the printing of more than the last five digits of the credit card number makes it difficult for a thief to obtain the victim's credit card number.  <u>The existence of a law prohibiting the printing of the expiration date of a credit card makes it even more difficult to commit identity theft.</u>

*Iosello*, 502 F. Supp. 2d at 786. (emphasis added).

In an attempt to muddy the waters of the clear and unambiguous language of the statute,  Jade submits the post-enactment statements of President George W. Bush, the Chairman of the Federal Trade Commission ("FTC"), and a FTC press release.  Def. Mem. at 10.  First, as this and other courts have found the language of the statute to be unambiguous, the extrinsic statements are irrelevant and unsupportive of Jade's arguments. *Garcia v. United States,* 469 U.S. 70, 76 n.3 (1984) (quoting *Schwegmann Bros. v. Calvert United States v. Logan,* 453 F.3d 804, 805 (7th Cir.2006) ("Even the plainest legislative history does not justify going against an unambiguous enactment."); *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 125 S. Ct. 2611, 2626 (2005) ("[T]he authoritative statement is the statutory text, not the legislative history or any other

extrinsic material.  Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms.").

Jade's reliance on these extrinsic matters should be rejected equally because the material on which it relies was issued after the enactment of FACTA, and such post-enactment legislative history can be of no value in interpreting the statute.  In *Covalt v. Carey Canada Inc.,* 860 F.2d 1434 (7th Cir.1988), the Seventh Circuit explained precisely why post-enactment comments and other similar statements of lawmakers is unreliable as an aid in statutory construction:

> Legislative history is valuable only to the extent it reveals the background of the law and the assumptions shared by those who wrote and voted on the bills. It is a contemporaneous record that helps a court reconstruct the meaning of our always-ambiguous language. Statements and thoughts that not only did not but also could not have come to the attention of Congress at the time do not reveal the process of deliberations. By definition, words written after the vote and the President's signature were uninfluential in the process leading to the vote. That is why ... subsequent legislative history . . . is not helpful as a guide to understanding a law.... Even the contemporaneous committee reports may be the work of those who could not get their thoughts into the text of the bill.

*Id.* at 1438.

Finally, the interpretation that Jade seeks to impose upon the Court is wholly undermined by other FTC press releases.  For example in May 2007, the FTC issued business alert entitled "Slip Showing?:    Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts," which stated:

> According to the federal [FACTA], the electronically printed credit and debit card receipts you give your customers must shorten — or truncate — the account information. You may include no more than the last five digits of the card number, and you must delete the card's expiration date. For

example, a receipt that truncates the credit card number and deletes the expiration date could look like this:

ACCT: ***********12345

EXP: ****

http://www.ftc.gov/bcp/edu/pubs/business/alerts/alt007.pdf. (copy attached).

Accordingly, the language of FACTA is unambiguous, and Jade's motion to dismiss should be denied.

## CONCLUSION

Defendant's motion to dismiss Plaintiff's Second Amended Class Action Complaint is fatally flawed and wholly unsupported by the law of this and other circuits. Plaintiff has sufficiently alleged facts that support the allegations that Defendant willfully violated FACTA and that FACTA is unambiguous. The motion to dismiss the Second Amended Class Action Complaint should be denied.

Respectfully submitted,

GARY NOVEL

By: s/David M. Jenkins
One of His attorneys

Anthony G. Barone (ARDC No. 06196315)
David M. Jenkins (ARDC No. 6211230)
**BARONE & JENKINS, P.C.
LLP**
635 Butterfield Road, Suite 145
Oakbrook Terrance, Illinois 60181
630/472-0037

Marvin L. Frank
Lawrence D. McCabe
**MURRAY, FRANK & SAILER,**

275 Madison Avenue, Suite 801
New York, NY 10016
212/682-1818

# FTC Business Alert

Federal Trade Commission  ■  Bureau of Consumer Protection  ■  Division of Consumer & Business Education

# Slip Showing?

## Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts

What's on the credit and debit card receipts you give your customers? The Federal Trade Commission (FTC), the nation's consumer protection agency, says it's time for companies to check their receipts and make sure they're complying with a law that's been in effect for all businesses since December 1, 2006.

According to the federal Fair and Accurate Credit Transaction Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten — or truncate — the account information. You may include no more than the last five digits of the card number, and you must delete the card's expiration date. For example, a receipt that truncates the credit card number and deletes the expiration date could look like this:

ACCT: ***********12345

EXP: ****

Why is it important for businesses to make sure they're complying with this law? Credit card numbers on sales receipts are a "golden ticket" for fraudsters and identity thieves. Savvy businesses appreciate the importance of protecting their customers — and themselves — from credit card crime.

But there are other important reasons to make sure your slips are ship-shape. Noncompliance could open a company up to an FTC law enforcement action, including civil penalties and injunctive relief. In addition, the law allows consumers to sue businesses that don't comply and to collect damages and attorney's fees.

While Congress passed this provision in December 2003, it has been phased in gradually, requiring merchants with newer electronic card processing machines to comply by December 2004. Merchants with older machines were given until December 1, 2006. So now *all* companies that electronically print credit or debit card receipts must truncate the information on the copy they give their customers. That's why it's important to make sure all your equipment complies with the law.

Several details of the law are worth noting: It applies only to electronically printed receipts, not to handwritten or imprinted ones. And it applies only to receipts you give your customer at point of sale, not to any transaction record you retain. Be aware, however, that when you keep your customers' personal information — including account data — you have an obligation to keep it safe. Read ***Protecting Personal Information: A Guide for Business***, available at ftc.gov/infosecurity, for tips on safeguarding sensitive data.

The FTC works for the consumer to prevent fraudulent, deceptive, and unfair practices in the marketplace and to provide information to businesses to help them comply with the law. To file a complaint or to get free information on consumer issues, visit ftc.gov or call toll-free, 1-877-FTC-HELP (1-877-382-4357); TTY: 1-866-653-4261. The FTC enters Internet, telemarketing, identity theft, and other fraud-related complaints into Consumer Sentinel, a secure, online database available to hundreds of civil and criminal law enforcement agencies in the U.S. and abroad.

## Your Opportunity to Comment

The National Small Business Ombudsman and 10 Regional Fairness Boards collect comments from small businesses about federal compliance and enforcement activities. Each year, the Ombudsman evaluates the conduct of these activities and rates each agency's responsiveness to small businesses. Small businesses can comment to the Ombudsman without fear of reprisal. To comment, call toll-free 1-888-REGFAIR (1-888-734-3247) or go to www.sba.gov/ombudsman.

| FEDERAL TRADE COMMISSION | ftc.gov |
|---|---|
| 1-877-FTC-HELP | FOR THE CONSUMER |