IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GARY NOVEL,<br>Individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07 C 6309 |
| JADE, LLC, SPRING GROUP, INC.<br>d/b/a SPRING RESTAURANT and/or<br>d/b/a SPRING, | ) ) ) | Judge Moran<br><br>Magistrate Judge Schenkier |
| | ) ) | |
| Defendants. | ) | |

### Defendants' Responses to Plaintiff's Request for Production

Defendants Jade, LLC, and Spring Group, Inc. d/b/a Spring Restaurant and/or d/b/a Spring (hereinafter "Jade"), by and through, Hall Prangle and Schoonveld, LLC, responds to Plaintiff's Request for Production as follows:

### General Statement and Objections

Jade's investigation into the facts and circumstances regarding this matter continues. Jade's responses to the Request for Production (hereinafter "document requests") are without prejudice to, and not a waiver of, defendants' rights to rely on other documents or information at trial. Pursuant to Fed. R. Civ. P. 34, Jade reserves the right to supplement these responses as more or new documents become available as the discovery process continues.

Jade objects to the document requests to the extent they seek to discover documents that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Jade objects to the document requests to the extent they are overly broad and unduly burdensome and/or seek to discover information that is neither

relevant nor reasonably calculated to lead to the discovery of relevant or admissible information. Jade hereby incorporates by reference the foregoing Objections into its individual responses to Plaintiff's document requests.

**Specific Objections and Responses**

1.      All documents reflecting or relating to the steps and/or actions taken by the Defendant to determine its obligations under FACTA.

**Response:**      None.

2.      All documents reflecting or relating to the steps and/or actions taken by the Defendant to comply with FACTA and/or the requirements relating to the truncation of card numbers and removal of expiration dates from receipts.

**Response:**      None, other than the documents responsive to Request No. 6.

3.      All documents reflecting or relating to the acts or steps taken by Defendant to confirm that it was successful in bringing its credit or debit card processing equipment into compliance with FACTA.

**Response:**      None, other than the documents responsive to Request No. 6.

4.      All communications, brochures, documents or other material from Visa Card, MasterCard, and/or American Express relating to FACTA or any other requirements and/or requests for the truncation of credit and/or debit card numbers and the removal of expiration dates from receipts.

**Response:**      None.

5.      All non-privileged communications between the Defendant and any third-party regarding its compliance with FACTA.

**Response:**      None.

6.      All reports or documents showing the daily transaction activity for each electronic or mechanical method for recording credit or debit card transactions for Defendant.

**Response:**      Jade will make available for inspection non-privileged documents responsive to this request at a time and place mutually convenient to counsel.

7.      All contracts or agreements with third-parties with respect to the servicing, updating, maintenance, or other services relating to the systems and/or software used for processing credit or debit card transactions.

**Response:**      None.  Investigation continues.  Jade reserves the right to supplement this response if documents become known.

8.      All policies of insurance issued to Defendant and/or potentially providing coverage relative to the present case and covering the time frame from December 6, 2006 to the present, including without limitation all Commercial General Liability Insurance Policies Directors and Officers Liability Coverage, or other relevant insurance policies, including any excess policies.

**Response:**      Jade will make available for inspection non-privileged documents responsive to this request at a time and place mutually convenient to counsel.

9.      All correspondence or other documents exchanged between it and any insurer relative to coverage or non-coverage of the claims at issue.

**Response:**      Jade will make available for inspection non-privileged documents responsive to this request at a time and place mutually convenient to counsel.

10.     All documents concerning any policies or procedures of the Company with respect to the retention or destruction of documents, including, but not limited to, electronic data and e-mail.

**Response:**     None.


Dated:   April 30, 2008                              As to Objections only,

                                                     HALL PRANGLE & SCHOONVELD, LLC

                                                     _____
                                                     One of the attorneys for Jade

Gerald W. Huston
Eric P. Schoonveld
HALL PRANGLE & SCHOONVELD, LLC
200 South Wacker Drive, Suite 3300
Chicago, Illinois 60606
(312) 345-9600

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **GARY NOVEL,**<br>**Individually and on behalf of a class,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 07 C 6309** |
| **JADE, LLC, SPRING GROUP, INC.**<br>**d/b/a SPRING RESTAURANT and/or**<br>**d/b/a SPRING,** | ) ) ) | **Judge Moran**<br><br>**Magistrate Judge Schenkier** |
| | ) ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

To:   Anthony G. Barone / David M. Jenkins, Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145, Oakbrook Terrace, IL 60181

Marvin L. Frank / Lawrence D. McCabe, Murray, Frank & Sailer, LLP
275 Madison Avenue, Suite 801, New York, NY 10016

I, Gerald W. Huston, certify that the foregoing **Defendants' Responses to Plaintiff's Request for Production** was filed electronically with the Clerk of the Court on April 30, 2008, and that notification and service of such filing to all counsel of record will be accomplished pursuant to the CM/ECF system.

s/ Gerald W. Huston

HALL PRANGLE & SCHOONVELD, LLC
200 S. Wacker Drive, Suite 3300
Chicago, IL 60606
(312) 345-9600