**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GARY NOVEL,** **Individually and on behalf of a class,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 07 C 6309** |
| **JADE, LLC, SPRING GROUP, INC. d/b/a SPRING RESTAURANT and/or d/b/a SPRING,** | ) | **Judge Moran** |
| | ) | **Magistrate Judge Schenkier** |
| **Defendants.** | ) | |

**Defendants' Answers to Plaintiff's Interrogatories**

Defendants Jade, LLC, and Spring Group, Inc. d/b/a Spring Restaurant and/or d/b/a Spring (hereinafter "Jade"), by and through, Hall Prangle and Schoonveld, LLC, responds to Plaintiff's Interrogatories as follows:

**General Statement and Objections**

Jade's investigation into the facts and circumstances regarding this matter continues. Jade's responses to the Interrogatories are without prejudice to, and not a waiver of, defendants' rights to rely on other documents or information at trial. Pursuant to Fed. R. Civ. P. 33, Jade reserves the right to supplement these responses as more or new information becomes available as the discovery process continues.

Jade objects to the Interrogatories to the extent they seek to discover information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege. Jade objects to the Interrogatories to the extent they are overly broad and unduly burdensome and/or seek to discover information that is neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible

information. Pursuant to Fed. R. Civ. P. 33(d), Jade reserves the right to specify certain records as business records from which answers to certain of Plaintiff's Interrogatories may be derived or ascertained. Jade hereby incorporates by reference the foregoing Objections into its individual responses to Plaintiff's Interrogatories.

**Specific Objections and Answers**

1. Identify the name, residence and business address, and telephone number of the person or persons answering these Interrogatories, or supplying information to assist in the answering of these Interrogatories.

**Answer:**

Jade objects to this Interrogatory to the extent it assumes any one individual is in possession of all of the information sought in these Interrogatories. Without waiving said Objection, but subject thereto, the responses to these interrogatories were prepared by Peter Drohomyrecky, with assistance of legal counsel and various employees of Jade. Mr. Drohomyrecky can be contacted through counsel.

2. Identify the name, business and telephone number of all people with knowledge of the Defendant's recordkeeping, documentation, or document retention relative to credit or debit card transactions, including recordkeeping, documentation, or document retention relating to receipts issued at the point of sale to cardholders in connection with credit or debit card transactions for the Defendant.

**Answer:**

Peter Drohomyrecky, Sue Drohomyrecky, Shawn McClain, Flecher Harrison, and Josh Jones. These individuals can be reached through counsel. Greg Morrissey also may have knowledge. Jade does not have his telephone number or business address. See also Answers to Interrogatories Nos. 11 and 12. Investigation continues. Jade reserves the right to supplement this Answer as additional individuals are known.

3. Was the Defendant aware of the Fair and Accurate Credit Transaction Act ("FACTA") Amendment to the Fair Credit Reporting Act ("FCRA"), and/or the

requirements relating to the truncation of credit and/or debit card numbers and the removal of expiration dates from receipts? If so, please state:

    (a)    The date on which Defendant became aware of such information; and

    (b)    The manner in which the Defendant became aware of the requirements.

**Answer:** Jade first became aware of the FACTA amendment to the FCRA after this lawsuit was filed. Jade became aware of FACTA from the allegations in the Complaint. Prior to that, Jade's POS vendor, Aloha, informed Jade that it would be making changes to how the credit card numbers would be stored on Jade's hard drive but did not specify what those changes were or what law that the changes were being made pursuant to.

    4.    Did the Defendant receive any communications, brochures, documents or other material from Visa Card, MasterCard, and/or American Express relating to FACTA or any other requirements and/or requests for the truncation of credit and/or debit card numbers and the removal of expiration dates from receipts? If so, please state the dates you received such communication, brochures, documents or other material and identify what information was received (or produce copies).

**Answer:** Jade does not recall receiving any such documents.

    5.    Identify and describe all steps and/or actions taken by the Defendant to determine its obligations under FACTA.

**Answer:** Jade was unaware of its obligations under FACTA as described in answer to Interrogatory No. 3. Jade relied on its POS vendor, Aloha, to ensure Jade's compliance with such laws. After Jade learned about FACTA through the Complaint filed in the instant action, Jade contacted its POS vendor, Aloha. Aloha, then, changed the program so that expiration dates were removed from receipts.

    6.    Identify and describe in all steps and/or actions taken by the Defendant to comply with FACTA and/or the requirements relating to the truncation of card numbers and removal of expiration dates from receipts, including the specific changes made to its systems or software for processing credit or debit card transactions, if any.

**Answer:** See answer to Interrogatory No. 5. Jade does not know the specific changes that Aloha made to the program.

7. Identify and describe all acts or steps taken by Defendant to confirm that its steps and/or actions were successful in bringing its credit or debit card processing equipment into compliance with FACTA, specifying exactly how the Defendant checked whether its credit or debit card receipts were printing more than the last 5 digits of a credit or debit and number or were printing expiration dates.

**Answer:** See Answers to Interrogatories Nos. 5 and 6.

8. From December 2006 to the present, did the Defendant (either itself or through a third-party) service or examine its credit card processing equipment and/or software, or otherwise check their compliance with FACTA, and if so, how often?

**Answer:** See Answers to Interrogatories Nos. 5 and 6.

9. Identify the date, if any, that Defendant ceased printing credit or debit card receipts that included more than the last 5 digits of a credit or debit card number or included the expiration dates of the credit or debit cards.

**Answer:** The credit card number on receipts was truncated beginning on or about September 7, 2005. The expiration date was removed from the receipts in or about November, 2007.

10. Identify the number of credit card and debit card transactions Defendant had between December 4, 2006 and the date(s) identified in response to Interrogatory No. 9.

**Answer:** Jade objects to this Interrogatory to the extent that it is overly broad and unduly burdensome. Without waiving said Objection, but subject thereto, Jade currently does not know the answer to this interrogatory and is attempting to ascertain how it can be compiled. Investigation continues. Jade reserves the right to supplement this Answer as the information becomes known.

11. Identify the name, business address, and telephone number of the Defendant's credit card or debit card processor.

**Answer:** Tom Heltmach of Arlington Payment Systems, 1717 S. Prairie, Suite 1306, Chicago, Illinois, 60616, 312-431-0538.

12. Identify the name, business address, and telephone number of any person or entity connected with the maintenance of Defendant's credit card processing equipment, software, and/or receipts and with Defendant's compliance with FACTA, including any third-party who Defendant claims was responsible for ensuring its processing equipment, software, and/or receipts complied with FACTA.

**Answer:** Aloha (through its representative and exclusive marketer in Chicago Data-Wave, Inc.), 1440 N. Kingsbury, Chicago, Illinois, 60622, 312-943-6255.

13. Identify the name, business address, and telephone number of any person or entity who provided Defendant with advice, systems, software, or any other assistance in connection with Defendant's compliance with FACTA.

**Answer:** See Answers to Interrogatories Nos. 11 and 12.

14. Identify the named and addresses of all persons to whom Defendant issued receipts with displayed: (a) more than the last five numbers of the cardholder's credit or debit card number, (b) the expiration date of the cardholder's credit or debit card; and/or (c) both (a) and (b).

**Answer:** Jade objects to this Interrogatory to the extent that it is overly broad and unduly burdensome. Without waiving said Objection, but subject thereto, Jade does not have the name and address of such persons.

15. Identify the names and addresses of all persons who have received credit or debit card receipts from the Defendant during the relevant time period, and/or produce

documents from which this information can be obtained. If Defendant claims it cannot provide the identities of the persons to whom it issued receipts, identify where such information can be obtained.

**Answer:** Jade objects to this Interrogatory to the extent that it is overly broad and unduly burdensome. Without waiving said Objection, but subject thereto, Jade does not have the name and address of such persons. Defendant does not know how the name and addresses of such individuals can be obtained.

Dated: April 30, 2008

As to Objections only,

HALL PRANGLE & SCHOONVELD, LLC

One of the attorneys for Jade

Gerald W. Huston
Eric P. Schoonveld
HALL PRANGLE & SCHOONVELD, LLC
200 South Wacker Drive, Suite 3300
Chicago, Illinois 60606
(312) 345-9600

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**GARY NOVEL,**
**Individually and on behalf of a class,**

**Plaintiff,**

**v.**

**JADE, LLC, SPRING GROUP, INC. d/b/a SPRING RESTAURANT and/or d/b/a SPRING,**

**Defendants.**

**Case No. 07 C 6309**

**Judge Moran**

**Magistrate Judge Schenkier**

**VERIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned [handwritten name] certifies that the statements set forth in Defendants' Jade, LLC, and Spring Group, Inc. d/b/a Spring Restaurant and/or d/b/a Spring Answers to Plaintiff's Interrogatories which have been assembled by authorized employees and counsel for Defendants' Jade, LLC, and Spring Group, Inc. d/b/a Spring Restaurant and/or d/b/a Spring are true and correct, except as to matters therein stated to be on information and belief or matters not personally known to him/her and as to such matters the undersigned certifies as aforesaid that he/she is informed and verily believes the same to be true.

By: [signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GARY NOVEL,**<br>**Individually and on behalf of a class,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JADE, LLC, SPRING GROUP, INC.**<br>**d/b/a SPRING RESTAURANT and/or**<br>**d/b/a SPRING,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 07 C 6309**<br><br>**Judge Moran**<br><br>**Magistrate Judge Schenkier** |

**CERTIFICATE OF SERVICE**

To: Anthony G. Barone / David M. Jenkins, Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145, Oakbrook Terrace, IL 60181

Marvin L. Frank / Lawrence D. McCabe, Murray, Frank & Sailer, LLP
275 Madison Avenue, Suite 801, New York, NY 10016

I, Gerald W. Huston, certify that the foregoing **Defendants' Answers to Plaintiff's Interrogatories** was filed electronically with the Clerk of the Court on April 30, 2008, and that notification and service of such filing to all counsel of record will be accomplished pursuant to the CM/ECF system.

s/ Gerald W. Huston

HALL PRANGLE & SCHOONVELD, LLC
200 S. Wacker Drive, Suite 3300
Chicago, IL 60606
(312) 345-9600