IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GARY NOVEL,<br>Individually and on behalf of a class,<br><br>Plaintiff,<br><br>v.<br><br>JADE, LLC, SPRING GROUP, INC.<br>d/b/a SPRING RESTAURANT and/or<br>d/b/a SPRING,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 07 C 6309<br><br>Judge Moran<br><br>Magistrate Judge Schenkier |

### DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Jade, LLC, and Spring Group, Inc. d/b/a Spring Restaurant and/or d/b/a Spring (hereinafter "Jade"), through the undersigned attorneys, Hall Prangle and Schoonveld, LLC, submit the following Reply Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Second Amended Complaint (hereinafter "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). In support thereof, Jade states as follows:

### INTRODUCTION

In a speculative and conclusory manner, Plaintiff claims that Jade willfully violated § 1681c(g) of the Fair and Accurate Credit Transactions Act ("FACTA") when it failed to redact the expiration date from computer-generated receipts. See 15 U.S.C. § 1681c(g) (hereinafter "Section 1681c(g)"). Plaintiff's Complaint fails as a matter of law for two reasons. First, Plaintiff has failed to plead beyond the speculative level that Jade

willfully violated § 1681c(g) of FACTA. Second, the requirements of § 1681c(g) are vague and ambiguous, and, therefore, cannot serve as the basis for a willful violation. Accordingly, Plaintiff's Complaint must be dismissed.

## ARGUMENT

I.  **Plaintiff Has Failed To Plead Sufficient Facts To State A Plausible Claim For A Willful Violation Of Section 1681c(g).**

In his Memorandum of Law in Opposition to Defendants' Motion to Dismiss (hereinafter "Response"), Plaintiff does not dispute that a viable complaint must include enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Plaintiff also does not dispute that notice pleading requires that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. The speculative allegations in Plaintiff's Complaint fail to state a plausible claim for relief.

As Plaintiff concedes, in *Safeco Ins. Co. of America v. Burr*, 127 S.Ct. 2201, 2208 (2007), the Supreme Court held that the term "willful," as used in Fair Credit Reporting Act (hereinafter "FCRA"), means a knowing or reckless disregard of the law. The Supreme Court explained that a reckless act is one entailing "an unjustifiably high risk of harm that is either known or so obvious that it should be known . . . . It is a high risk of harm, objectively assessed, that is the essence of recklessness at common law." *Id.* at 2215 (internal quotations and citations omitted). The Supreme Court further held that "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with

2

a reading that was merely careless." *Id.* An examination of Plaintiff's allegations demonstrates that his Complaint does not satisfy this standard.

- In Paragraph 19 of the Complaint, Plaintiff alleges that he received a receipt with the expiration date on it. This is not sufficient to state a claim for a willful violation. There must be a showing of willfulness as defined by the Supreme Court in *Safeco* (as discussed above).

- In Paragraph 35 of the Complaint, Plaintiff alleges on "information and belief" that Jade knew about FACTA. Again, this is mere speculation and insufficient for a showing of willfulness.

- In Paragraph 36 of the Complaint, Plaintiff again alleges on "information and belief" that credit card companies informed Jade about FACTA. Again, this is mere speculation and insufficient for a showing of willfulness.

- In Paragraph 37 of the Complaint, Plaintiff states that "the requirement was widely publicized among retailers." The term "requirement" is not defined. It is apparent that the term "requirement" applies to the requirements of various credit card companies, not FACTA's requirements. In addition, Plaintiff does not allege that "the requirement" was publicized to Jade or any specific group of retailers. No amount of vague pleading by Plaintiff can overcome this fatal flaw and save his Complaint.

- In Paragraphs 38 and 39 of the Complaint, Plaintiff makes allegations regarding VISA and other credit card companies changes to their own policies <u>prior to the enactment of FACTA.</u> Clearly, announcements made regarding a credit card company's own policies prior to the enactment of FACTA cannot provide knowledge of FACTA's requirements.

- In Paragraph 40 of the Complaint, Plaintiff alleges that "card issuing organizations" "proceeded to require compliance with FACTA by contract." Plaintiff has no actual knowledge if Jade had a contract with a "card issuing organization," including VISA. Paragraph 40 also discusses rules for VISA merchants. Whether Jade received, was bound by, or was aware of VISA merchant rules is irrelevant to whether Jade was aware of FACTA and its legal requirements. Plaintiff does not allege that VISA merchant rules discuss FACTA.

- In Paragraph 43 of the Complaint, Plaintiff makes allegations regarding business peers and competitors - which has nothing to do with Jade's actions or conduct. Jade's "business peers and competitors'" knowledge could not be imputed to Jade. Paragraph 43 also alleges that

3

Jade "could have readily" complied with FACTA. Jade had nothing to gain from partially complying with FACTA.

- In Paragraph 44 of the Complaint, Plaintiff simply sets forth a conclusion without any factual support, alleging that "Defendants willfully disregarded FACTA's requirements." Conclusions of law cannot defeat Jade's Motion to Dismiss. *Nelson v. Monroe Reg. Med. Ctr*, 925 F.2d 1555, 1558 (7th Cir. 1991 )("In giving the pleadings a liberal construction, however, we are not required to accept legal conclusions either alleged or inferred from the pleaded facts."); *Tamari v. Bache & Co.*, 565 F.2d 1194, 1198 (7th Cir. 1977)(the Court need not accept "mere unsupported conclusions of fact or mixed fact and law" a true). Otherwise, Plaintiff's Amended Complaint could consist only of Paragraph 44 and be immune to Rule 12(b)(6). *Bell Atlantic's* standard is designed specifically to prevent such complaints from proceeding past the pleading stage. 127 S.Ct. at 1964-65, 1974. Moreover, Plaintiff has pled no allegations to support his claim that Jade "knew of the legal obligation."

Plaintiff's allegations require a leap of faith that is not permitted by *Bell Atlantic*. See *Bell Atlantic*, 127 S. Ct. at 1964-65, 1974. Because the allegations of the Complaint cannot nudge Plaintiff's "claims across the line from conceivable to plausible, [his Amended] Complaint must be dismissed." *Id*. at 1974.

II. **The Vague And Ambiguous Requirements Of Section 1681c(g) Negate The Possibility Of A Willful Violation Based Solely On Providing A Receipt With A Card Expiration Date.**

Even if Plaintiff sufficiently alleged that Jade knew or should have known about FACTA, which he did not, Jade cannot be liable for a willful violation of Section 1681c(g). In *Safeco*, the defendant violated FCRA. However, the Supreme Court explained:

> Given the dearth of guidance and the less-than-pellucid statutory text, [the defendants'] reading was not objectively unreasonable, and so falls well short of the "unjustifiably high risk" of violating the statute necessary for reckless liability.

*Safeco*, 127 S.Ct. at 2216.

4

"Pellucid" means "extremely easy to understand: readily intelligible or comprehensible: completely lacking in ambiguity or turgidity. . . ." *Webster's Third New International Dictionary of the English Language*, Unabridged, 1667 (1976). Section 1681c(g) is anything but "pellucid."

"Or" is a disjunctive connector used to indicate "a choice between alternate things, states or courses." *Webster's Third New International Dictionary of the English Language*, Unabridged, 1667 (1976). Plaintiff's urged interpretation converts the "or" in Section 1681c(g) into a conjunctive connector (i.e., "No person . . . shall print more than the last five digits . . . and no person . . . shall print the expiration date). Yet, Section 1681c(g) uses the disjunctive connector "or." Plaintiff asks this Court to adopt the interpretation that suits him. Yet, it is of no moment whose interpretation is correct. Just as in *Safeco*, where there is a dearth of legal guidance and the language of Section 1681c(g) is less than pellucid, a willful violation may not be stated for partial compliance. *Id.* Plaintiff's Complaint suffers from incurable defects and should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss with prejudice Plaintiff's Second Amended Complaint and, for such additional relief that this Court deems just and proper.

Dated: May 5, 2008       Respectfully submitted,

Jade, LLC, and Spring Group, Inc. d/b/a Spring Restaurant and/or d/b/a Spring


s/Gerald W. Huston
By: Gerald W. Huston, one of its attorneys


HALL PRANGLE & SCHOONVELD, LLC
200 S. Wacker Drive, Suite 3300
Chicago, IL 60606
(312) 345-9600

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY NOVEL,<br>Individually and on behalf of a class,<br><br>Plaintiff,<br><br>v.<br><br>JADE, LLC, SPRING GROUP, INC.<br>d/b/a SPRING RESTAURANT and/or<br>d/b/a SPRING,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 07 C 6309<br>)<br>)  Judge Moran<br>)<br>)  Magistrate Judge Schenkier<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

To: Anthony G. Barone / David M. Jenkins, Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145, Oakbrook Terrace, IL 60181

Marvin L. Frank / Lawrence D. McCabe, Murray, Frank & Sailer, LLP
275 Madison Avenue, Suite 801, New York, NY 10016


I, Gerald W. Huston, certify that the foregoing **Defendants' Reply Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Second Amended Complaint** were filed electronically with the Clerk of the Court on May 5, 2008, and that notification and service of such filing to all counsel of record will be accomplished pursuant to the CM/ECF system.

s/ Gerald W. Huston


HALL PRANGLE & SCHOONVELD
200 S. Wacker Drive, Suite 3300
Chicago, IL 60606
(312) 345-9600